UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |
| v. | ) ) ) |
| GREGORY ORTEGA, Defendant. | ) ) ) ) |

No. 22-cr-120-JJM-AEM

## ORDER

Gregory Ortega has moved for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) – so-called "compassionate release."  He pleaded guilty to Conspiracy to Distribute and Possess w/Intent to Distribute 40 Grams or More of Fentanyl (21 U.S.C. §846); Possession w/Intent to Distribute 40 Grams or More of Fentanyl (21 U.S.C. §§841(a)(1) and (b)(1)(B)); and Prohibited Person in Possession of Ammunition (18 U.S.C. §922(g)(1)).  There was a binding plea agreement under Fed. R. Crim. P. 11(c)(1)(C) that required a sentence of between 86 and 96  months of incarceration. ECF No. 48.  The Court accepted the plea agreement and sentenced Mr. Ortega to 86 months in accordance with the plea agreement.

His main legal argument in this Motion is that he was offered to plead to a different statute than the one he pleaded to, which was for nine years imprisonment, but that would have made him eligible for good time credits under the First Step Act ("FSA").  Instead, he pleaded to the statutes above with eight years of incarceration . He states

> If the Defendant had pled to the 9-year FSA-qualifying sentence, the
> Defendant would serve approximately 62-months of imprisonment,

> including good time credits and FSA time credits. However, as the Defendant's 8-year sentence does not qualify for FSA time credits, he will serve approximate 82 months imprisonment. It is surely extraordinary that an individual sentenced to 9-year imprisonment would serve less prison time than the Defendant who received an 8-year sentence. At time of his guilty plea, the Defendant was unaware that his 8-year prison sentence would be ineligible to earn FSA time credits.
>
> *****
>
> [W]hile a violation under 21 U.S.C. § 846 for conspiring to possess with the intent to distribute 40 grams or more of fentanyl qualifies for FSA time credits, a violation under 21 USC § 841 for possession with the intent to distribute 40 grams or more of fentanyl does not qualify for FSA. time credits.

ECF No. 69 at 8.

But the fact that he was pleading to a statute that made him not eligible for

FSA credit, was known to him at the time – his attorney at sentencing stated:

> The government also under this plea agreement elected to file an information on a mandatory minimum charge which they were under no obligation to do. The effect of that is he's ineligible for [FSA] credits. He's ineligible now for any [FSA] programming because he's charged with a five-year mandatory minimum Fentanyl amount. So that means that on an eight-year sentence, he's not eligible for parole. As we know, the maximum that he can receive is up to 54 days a year. That's it, the end.

ECF No. 68 at 19.

So, Mr. Ortega's reliance on the fact that he pleaded to a statute that would

not allow for accruing FSA credit cannot be a basis for the finding of extraordinary

and compelling reasons for reducing his sentence.

Mr. Ortega also raises two other reasons – neither of which support his Motion.

First, he argues rehabilitation – but as he acknowledges and the statute compels,

rehabilitation alone cannot be sufficient for the granting of a motion. 28 U.S.C. §

944(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Second, he alleges that there is a sentence disparity among similarly situated individuals. ECF No. 69 at 5. But the examples that Mr. Ortega site do not support a finding sufficient to meet the requirement of extraordinary and compelling reasons to reduce a sentence. Mr. Oretga's plea agreement was negotiated. "He was facing a ten-year mandatory minimum, and there were a lot of plea negotiations that went on for a long time." ECF No. 68 at 17. A sentence at the lowest end of the plea agreement range, and significantly below the guideline range of 188-235 months, cannot be considered a disparate sentence sufficient to show extraordinary compelling reasons. (ECF No. 51 at 18).

Because Mr. Ortega has shown no reason under current case law or the statute to support the finding of extraordinary and compelling reasons for reducing his bargained-for sentence, the Court must DENY his Motion. ECF No. 69.

IT IS SO ORDER

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 4, 2026

3